Crystal Morgan, (SBN: 335712)
Morgan Legal Services, PLLC
2641 E. Uintah St., #9155
Colorado Springs, CO 80932
(720) 900-1065
CMorgan@MorganLegalServicesPLLC.com

*Attorney for Movant*:
Daystar Peterson

# UNITED STATES DISTRICT COURT

# THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYSTAR PETERSON<br><br>          Movant,<br><br>vs.<br><br>MEGAN PETE,<br><br>          Respondent. | Case No.:<br><br>MOTION FOR PROTECTIVE ORDER |

Movant Daystar Peterson ("Mr. Peterson"), by counsel, respectfully moves for a Protective Order under Federal Rule of Civil Procedure 26(c). Mr. Peterson, an incarcerated non-party in *Pete v. Cooper*, No. 1:24-cv-24228 (S.D. Fla.), faces undue burden, prejudice to his ongoing criminal appeal, and constitutional risks if compelled to provide further deposition testimony. Relief is warranted to ensure compliance with the Federal Rules, to protect non-parties, and to safeguard Mr. Peterson's rights.

MOTION FOR PROTECTIVE ORDER - 1

## BACKGROUND

In *Pete v. Cooper*, Respondent Megan Pete ("Ms. Pete") seeks to compel discovery from Mr. Peterson, alleging he compensated a co-defendant to defame her. Mr. Peterson was deposed as a non-party on April 9, 2025, and again appeared on September 15, 2025, under objection.

Unlike other non-parties, Mr. Peterson remains incarcerated in California while appealing his conviction in *People v. Peterson*, Case No. BA490599. His direct appeal remains pending as of September 2025, following habeas denials in August 2025. At the September 15, 2025 hearing (*Pete v. Cooper*, Docket Entry 143), Mr. Peterson objected to further compelled deposition, underscoring the need for intervention by this Court—the district of compliance.

On April 9, 2025, Mr. Peterson was disposed as a non-party in *Pete v. Cooper*. At this time, he had a limited appearance attorney, Michael Hayden from Unite the People, Inc., who was also the attorney of record for Ms. Cooper. As this case is in the Southern District of Florida, Mr. Hayden was appearing pro hac vice through local counsel. As shown in the email attached hereto as Exhibit 1, and incorporated as if set forth fully herein verbatim, they only represented Mr. Peterson for this deposition.

In *Pete v. Cooper*, other non-parties have been deposed and treated differently. Specifically, Mr. Ceasar McDowell was not cooperative in his deposition and neither was Mr. Peterson, nor was Mr., Livingston Allen. Regarding Mr. McDowell and Mr. Peterson, Ms. Pete filed her Orders to Show Cause. (Order to Show Cause against Mr. McDowell and Mr. Peterson are attached hereto as Exhibit 2, and incorporated as if set forth fully herein verbatim.)

Mr. Allen is a resident of the State of New Jersey. As such, on September 16, 2025, Ms. Pete filed her Motion to Compel in the United States District Court, District of New Jersey. Despite both Mr. Peterson and Mr. McDowell being present in the State of California, similar

MOTION FOR PROTECTIVE ORDER - 2

motions to compel were not filed. Furthermore, only Mr. McDowell's Order to Show Cause was denied. (Orders granting and denying Orders to Show Case is attached hereto as ==Exhibit 3==, and incorporated as if set forth fully herein verbatim.)

The Court found that Plaintiff (Ms. Pete) must comply with the Federal Rules of Civil Procedure, 37 and Rule 45 in seeking relief regarding non-party discovery. Specifically it was found that Fed. R. Civ. P. 37(a)(2) applies when compelling discovery from a non-party and "must be made in the court where the discovery is or will be taken." Mr. Peterson is currently incarcerated at the California Institute for Men. Therefore, the deposition would take place in the State of California, within the Central District Court's jurisdiction. The Show Cause was also denied due to Fed. R. Civ. P. 45(g), which mandates that contempt efforts are brough within the district where compliance is required.

On September 15, 2025, Mr. Peterson appeared with counsel-of-record and continued his deposition with the approval of the Magistrate, in order to determine whether Ms. Pete must compel his testimony through the Central District of California. Mr. Peterson's attorney urged that Mr. Peterson and herself did not have the mandatory 10-day notice in order to prepare, and were not properly compelled to give said deposition. Magistrate Reid determined that Mr. Peterson was being treated differently from Mr. McDowell due to Mr. Peterson's deposition being continued through the Order to Show Cause; yet time to file this instant motion was still given. Mr. Peterson prays this Honorable Court will find that he should be treated as a non-party, the same as other non-parties in *Cooper*.

**LEGAL STANDARD**

A party seeking a protective order bears the burden of establishing good cause. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Courts have broad discretion to limit discovery when the burden outweighs the benefit. *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980).

Non-parties receive heightened protection. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). Discovery must be narrowly tailored and non-duplicative. *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007).

The Central District of California routinely applies these principles. See *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (quashing subpoena where party discovery unexhausted); *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974–75 (C.D. Cal. 2010) (quashing overbroad subpoenas); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410–11 (C.D. Cal. 2014) (requiring burden-balancing for non-party deposition).

Rule 45 mandates that courts quash or modify subpoenas imposing undue burden, enforceable only in the district of compliance. *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S.D. Cal. 2014).

Cost-shifting also protects non-parties. *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371–72 (9th Cir. 1982); *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995).

Finally, prisoner depositions require court leave. Fed. R. Civ. P. 30(a)(2)(B). Safeguards must be imposed to prevent undue prejudice. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–26 (9th Cir. 1995).

**ARGUMENT**

MOTION FOR PROTECTIVE ORDER - 4

As Mr. Peterson is a non-party Fed. R. Civ. P. 37(a) does not apply to him,. Mr. Peterson is a non-party entitled to heightened protections. *Premium Service*, 511 F.2d at 229. Ms. Pete bypassed party discovery, violating *Moon*, 232 F.R.D. at 637, and now seeks burdensome testimony from an incarcerated non-party whose direct appeal is still pending.

In *Blagman v. Apple, Inc.*, 2014 WL 2117714 (N.D. Cal. May 21, 2014), the court confirmed that depositions of non-parties require adherence to the requirements of subpoena and appropriate notice, and stressed that a motion to compel compliance or further testimony must proceed under Rule 45 rather than Rule 37(a), since Rule 37 applies primarily to parties. The decision reinforces that treating non-parties differently, or applying shortcuts not authorized by the rules, is grounds for judicial intervention to protect the non-party witness.

The court in *Blagman* emphasized that motions to compel non-party depositions must comply with Rule 45 and that non-parties are entitled to protections to prevent being subjected to unduly burdensome or unauthorized discovery procedures. Rule 45 requires enforcement only in the district of compliance. *DJO*, 295 F.R.D. at 497. Because Mr. Peterson is incarcerated in California, the Southern District of Florida lacks jurisdiction. This Court alone may act.

Compelled testimony risks infringing Mr. Peterson's Fifth Amendment rights and prejudicing his criminal appeal. Under *Keating*, courts weigh: 1) prejudice to the criminal matter, 2) burden on civil courts, 3) the public interests, and 4) equities. Mr. Peterson's risk of prejudice is great, as the opinion for his direct appeal will be delivered by November 16, 2025, at the latest. There is minimal delay so a slight burden on the civil court as Mr. Peterson is merely a non-party, and discovery has been ongoing and extended in *Pete v. Cooper*. The public interests favor Mr. Peterson, as there is favor to protect due process over duplicative civil discovery. Furthermore, and importantly, the equities weigh against compelling an incarcerated non-party.

MOTION FOR PROTECTIVE ORDER - 5

**RELIEF REQUESTED**

Mr. Peterson respectfully requests that this Court:

1.    **Grant a Protective Order** quashing further deposition absent proper Rule 45 compliance in this District; or, in the alternative:

   o     Limit any deposition to written questions under Rule 31;

   o     Shift costs to Ms. Pete as averred *supra*;

   o     Impose Rule 30 safeguards tailored to Mr. Peterson's incarceration and pending appeal; and

   o     Stay deposition pending resolution of his direct appeal under *Keating*.

**CONCLUSION**

For the foregoing reasons, Mr. Peterson respectfully requests that the Court grant his Motion for Protective Order, barring improper non-party deposition or, alternatively, limiting discovery consistent with the Federal Rules, Ninth Circuit precedent, and constitutional protections.

Submitted this 24th day of September, 2025,

By: _____
     Crystal Morgan (SBN: 335712)
     *Attorney for Daystar Peterson*

**PROOF OF SERVICE**

MOTION FOR PROTECTIVE ORDER - 6

1
2
3

     I, Crystal Morgan**,** employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) years and not a party to the within action.  My business address is 27125 Sierra Highway, Suite 325 Santa Clarita, CA 91351.

4

     On **September 24, 2025**, served the foregoing document(s) described as:

5

**MOTION FOR PROTECTIVE ORDER**

6

[  ] **BY FACIMILE:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

7
8
9

[ **]** **BY MAIL:** I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service and said correspondence is deposited with the United States Postal Service the same day.

10
11
12

[  ] **BY OVERNIGHT MAIL:** by causing the document(s) listed above to be picked up by an overnight delivery service company for delivery to the addressee(s) set forth below on the next business day.

13
14

[X] **BY ELECTRONIC SERVICE:** by electronically serving via email delivery the document(s) listed above to the agency set forth below on this date before 5:00 p.m.

15

| <u>Agency/Attorney</u> | <u>Service Address(es) or Electronic Mail</u> |
|---|---|
| Jeremy McLymont | Jeremy@asilialaw.com |
| Ronda Dixon | DixonJusticeCenter.com |
| Milind Khurana | Milind_Khurana@flsd.uscourts.gov |
| FLSDdb_efile Reid | reid@flsd.uscourts.gov |
| Dan Humphrey | danielhumphrey@quinnemanuel.com |
| Marie Hayrapetian | mariehayrapetian@quinnemanuel.com |
| Joanna Menillo | joannamenillo@quinnemanuel.com |
| John OSullivan | johnosullivan@quinnemanuel.com |

16
17
18
19
20
21

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22
23

     Executed on September 24, 2025, at Colorado Springs, CO.

24
25
26

_____
Crystal Morgan

27
28