UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | MC 25-0098-GW-MARx | | Date | October 8, 2025 |
|---|---|---|---|---|
| Title | *Daystar Peterson v. Megan Pete* | | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - ORDER REGARDING MEGAN PETE'S EX PARTE APPLICATION TO EXPEDITE HEARING ON DAYSTAR PETERSON'S MOTION FOR PROTECTIVE ORDER

  The Court is in receipt of a Motion for a Protective Order ("Motion") pursuant to Fed. R. Civ. P. 26(c) that was filed by Daystar Peterson ("Peterson") on September 24, 2025, and naming Megan Pete ("Pete") as Respondent. *See* Docket No. 1. The Motion avers that Pete seeks to compel discovery from Peterson in an action pending before the Southern District of Florida.[1] *Id.* at 1. Peterson is a non-party in the Florida action and is currently incarcerated in California pending an appeal of his conviction in a separate action.[2] *Id.* at 2. Peterson asserts, *inter alia*, that "[c]ompelled testimony risks infringing [his] Fifth Amendment rights and prejudicing his criminal appeal." Docket No. 1 at 5. Peterson seeks a protective order quashing further deposition absent compliance with Rule 45 or other alternative relief. *Id.* at 6.

  The Court is in receipt of Pete's opposition to the Motion and her *ex parte* application for an expedited hearing on this motion. *See* Docket Nos. 6-7. Pete asserts that her counsel "has attempted the same deposition of Mr. Peterson twice now over the last six months, in compliance with Federal Rules of Civil Procedure 30 and 45 and two Federal Court Orders from Judge Altonaga in the Southern District of

---

[1] Pete is the plaintiff in *Pete v. Cooper*, No. 1:24-cv-24228-CMA – a defamation case that is currently pending before Judge Cecilia M. Altonaga in the Southern District of Florida and set for trial on November 17, 2025. *See* Docket No. 6, at 1. In that action, Pete alleges that the defendant Milagro Cooper published defamatory statements "at the behest of and in conspiracy with Daystar Peterson, making Mr. Peterson a necessary witness whose testimony is central to the claims at issue." Docket No. 7, at 1.

[2] Peterson's appeal of his conviction in *People v. Peterson*, No. BA490599, was pending as of September 2025, following habeas denials in August 2025. *See* Docket No.1 at 2. Peterson indicates that the "opinion" regarding his appeal will be delivered by November 16, 2025 at the latest. *Id.* at 5. Peterson is currently serving a ten-year prison sentence in California state prison for shooting Pete in 2020. *See* Docket No. 6, at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | MC 25-0098-GW-MARx | Date | October 8, 2025 |
|---|---|---|---|
| Title | *Daystar Peterson v. Megan Pete* | | |

Florida." *See* Docket No. 6, at 6. On February 24, 2025, Pete filed, and Judge Altonaga granted,[3] an unopposed Rule 30(a)(2)(B) motion to take the deposition of Peterson.[4] *See* Docket No. 6, at 3. On March 10, 2025, Peterson was served with the subpoena by the Litigation Coordinator at the prison where he is incarcerated. *Id.* at 4. The first deposition took place on April 9, 2025. *Id.* Following what Pete indicates was Peterson's "obstructive conduct" during this deposition, Judge Altonaga issued an Order to Show Cause as to why Peterson "should not be held in contempt of Court" for violating the Rule 30(a)(2)(B) Order permitting his deposition. *Id.* Due to Peterson's failure to respond, Judge Altonaga imposed sanctions for his conduct at the initial deposition and ordered that "[t]he continuation of Mr. Peterson's deposition shall proceed under the supervision of Magistrate Judge Lisette M. Reid [of the Southern District of Florida]." *Id.* at 5. The second deposition took place on September 15, 2025, by video with Peterson at the California prison being represented by Crystal Morgan. *See* Docket No. 6-15 at 8-9 of 51. Morgan initially raised a number of objections to the deposition including: (1) there was no 10-day notice and hence there was "no time for us to prepare;" (2) the continuation of the deposition was issued pursuant to Fed. R. Civ. P. 37(b) which would not apply to Peterson as he is not a party to the action; and (3) there were questions as to the territorial limitations of the subpoena. *Id.* Subsequently, Peterson asked: "what is the penalty for me not doing this deposition today?" *Id.* at 18 of 51. Eventually, Judge Reid informed Peterson that: (1) the sanction will be, at the very least, the attorney's fees and costs for all the attorneys who have appeared today (to which Peterson responded: "easy"), and (2) "there are requests for additional time incarceration as a result of this" (to which Peterson responded: "I've got jail for 10 years right now.· You can do whatever you'd like to do."). *Id.* at 28 of 51.

     Peterson has requested this Court to grant a protective order that would "quash[] further deposition absent proper Rule 45 compliance in this District; or, in the alternative: Limit any deposition to written questions under Rule 31; Shift costs to Ms. Pete as averred supra; Impose Rule 30 safeguards tailored to Mr. Peterson's incarceration and pending appeal; and Stay deposition pending resolution of his direct appeal under *Keating* [*v. Office of Thrift Supervision*, 45 F.3d 322, 324-26 (9th Cir. 1995)]." Motion at 6.

     The Court will entertain further arguments from both parties at a hearing on this matter set for October 16, 2025 at 8:30 a.m., at which the parties are permitted to appear telephonically. However, the Court would indicate that it has the following questions.

     1) Fed. R. Civ. P. 45(d)(3)(A) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply;(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); . . . or (iv) subjects a person to undue burden." Initially, it is unclear whether there is a subpoena that has been presented to this Court for compliance such that it would have jurisdiction to quash or modify it if necessary.

     2) To the extent that Peterson seeks this Court to review rulings issued by judicial officers in the Southern District of Florida (*e.g.* the order granting a continuation of Peterson's deposition) or otherwise itself to issue orders affecting the litigation in the Southern District of Florida (*e.g.* limiting any future deposition to written questions under Fed. R. Civ. P. 31 and/or staying the deposition), he has not cited to

---

[3] Rule 45 indicates that "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(1)(D)(2).

[4] The deposition was ordered to be taken "either remotely via videoconference technology or as otherwise arranged upon agreement with the California Correctional Institution." *See* Docket No. 6-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MC 25-0098-GW-MARx | Date | October 8, 2025 |
|---|---|---|---|
| Title | *Daystar Peterson v. Megan Pete* | | |

any provision which would give this Court the authority to do so.
    3) To the extent he seeks to have this Court issue orders requiring Ms. Pete to take (or not take) any particular actions, it is questionable as to whether this Court has personal jurisdiction over her.

**IT IS SO ORDERED.**